IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                Plaintiff,

v.

THEODORE ANDERSON, JAMES MOORE,
CHRISTOPHER BORTZ, BRANDON KLIEST,
CHLOE WARE, CHRISTOPHER OLSON,
DUSTIN ROHWER, MICHELLE KESSENICH,
and JONATHAN D. BOHNSACK,

                Defendants.

OPINION and ORDER

19-cv-300-jdp

---

      Plaintiff George Taylor, a prisoner at Columbia Correctional Institution (CCI), asks me to reconsider my denial of his motion for a preliminary injunction regarding defendant CCI correctional officers' strip-search practices. Dkt. 56. In denying his motion, I concluded that he had not shown a reasonable chance of success on his claim that defendants violated his Eighth Amendment rights by strip searching him. It was unlikely that other inmates could view the search and because video evidence of the incident did not support his contention that defendants were smiling and laughing while searching him. Dkt. 44.

      Taylor has submitted new evidence. The evidence that he now submits does not change my conclusion.

      Taylor submits a declaration from Kevin Pittman, a fellow prisoner who says that he saw some of the defendants smirking while searching Taylor and that he saw Taylor's buttocks during the search. Dkt. 57. Pittman's allegation, like Taylor's, is contradicted by the video of the search, which at no point shows any defendant behaving in anything but a calm and professional manner. Taylor notes, as I did in my previous order, that the officers' faces are not

visible in the video at all times, and says that they must have been smirking when their faces were not visible. But no factfinder could watch the video and reasonably conclude that the defendants were behaving professionally while their faces were visible to the camera and mocking Taylor while their faces were not visible.

Regarding Pittman's statement that he could see Taylor's buttocks, the video of the search shows that the windows on the cell doors are very narrow, which would give inmates a limited field of vision in the hallway from their cells. The officers searched Taylor at the very end of the hallway, positioning themselves between the cell doors and Taylor. So it seems very unlikely from the video evidence that any prisoner could have had a clear view of Taylor during the search. But in any event, as I explained in my previous order, Taylor's Eighth Amendment claim will require him to show that defendants intended to harass or humiliate him by strip searching him, *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Even if Pittman was able to see Taylor's buttocks during the search, the video evidence shows that this would have been accidental. Defendants' precautionary measures shown in the video do not support the conclusion that they intended to harass or humiliate Taylor by exposing him to the view of Pittman and other inmates.

Taylor also submits a new declaration in which he says that a few days after the search, he asked defendant Theodore Anderson why he strip searched Taylor in front of other inmates, after which Anderson smirked and replied, "You choose not to follow my rules[.] [T]hat's why I did it." Dkt. 58. Taylor contends that this evidence shows that Anderson intended to harass him and inflict psychological pain on him with the search. Again, this is contradicted by the video evidence, which shows defendants behaving calmly and professionally towards Taylor.

But even if a factfinder could reasonably credit Taylor's testimony in light of that video evidence, the chances of a factfinder doing so are not "better than negligible."

None of the new evidence that Taylor has submitted changes my conclusion that he has failed to show a reasonable chance of success on his underlying claims. Accordingly, I will deny his motion.

ORDER

IT IS ORDERED that plaintiff George Taylor's motion for reconsideration, Dkt. 56, is DENIED.

Entered May 4, 2020.

BY THE COURT:

/s/
_____

JAMES D. PETERSON
District Judge