IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE TAYLOR,

                Plaintiff,

v.

THEODORE ANDERSON, JAMES MOORE,
CHRISTOPHER BORTZ, BRANDON KLIEST,
CHLOE WARE, CHRISTOPHER OLSON,
DUSTIN ROHWER, MICHELLE KESSENICH,
and JONATHAN D. BOHNSACK,

                Defendants.

OPINION and ORDER

19-cv-300-jdp

---

Pro se plaintiff George Taylor is an inmate at Columbia Correctional Institution (CCI). After a verbal altercation with a CCI correctional officer, Taylor was strip searched then placed into a controlled separation unit without a mattress. I screened Taylor's complaint under 28 U.S.C. §§ 1915 and 1915A, giving him leave to proceed on three sets of claims against defendant CCI officials: one relating to his allegations about his treatment during the strip search, one relating to his allegation that a defendant cut Taylor's buttock by closing a cell door's trap on it, and one relating to his allegation that defendants refused to give him a mattress when he was placed into his cell. Dkt. 13.

Three motions are before the court. First, defendants have moved for partial summary judgment because Taylor didn't exhaust his claims regarding his lack of a mattress before filing this lawsuit. Dkt. 40. I will grant defendants' motion. Second, Taylor asks to amend his complaint with a few supplemental allegations based on body-camera footage that he has reviewed. Dkt. 68. Taylor promptly filed his proposed supplement after he was able to view this footage, so I will grant this motion. Third, Taylor has filed what he calls a motion for

reconsideration, which is really another motion to amend his complaint with new allegations and claims. Dkt. 66. Taylor's proposed amendment is likely futile because it appears that he hasn't exhausted the claims that he seeks to add, so I will direct the parties to address this issue.

ANALYSIS

**A. Exhaustion of mattress claims**

Taylor says that when defendants Theodore Anderson, James Moore, Christopher Bortz, Brandon Kliest, and Chloe Ware placed him in a cell in the controlled separation unit, they refused his request for a mattress. And he says that over the next day, he asked defendants Michelle Kessenich, Dustin Rohwer, Christopher Olson, and Jonathan Bohnsack to give him a mattress at various times, but they refused. I gave Taylor leave to proceed on claims against all defendants under the Eighth Amendment to the United States Constitution and Wisconsin negligence law based on these allegations.

Defendants have moved for summary judgment on these claims because they say that Taylor did not exhaust his administrative remedies before filing this lawsuit. The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies established by state law before filing a lawsuit regarding prison conditions based on federal law. *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018). Wisconsin law imposes a similar requirement on prisoners' state-law claims.[1] Wis. Stat. § 801.02(7)(b). In Wisconsin, a prisoner

---

[1] In interpreting the Wisconsin PLRA's exhaustion requirement, courts can take guidance from federal courts' interpretation of the federal PLRA. *State ex rel. Hensley v. Endicott*, 2001 WI 105, ¶ 10, 245 Wis. 2d 607, 629 N.W.2d 686.

must file an administrative complaint "within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2).

The incidents underlying this lawsuit occurred on January 7 and 8, 2019. Taylor filed two administrative complaints regarding these incidents. He filed the first on January 17, 2019. Dkt. 43-2, at 10. In that complaint, he accused CCI staff of sexually assaulting and abusing him during the strip search and of closing the cell door's trap on his buttock, but he did not mention the denial of the mattress. He filed a second complaint on July 9, Dkt. 43-3, at 8, well past his 14-day deadline to do so (and well after he filed this lawsuit). In that complaint, he repeated his earlier accusations and added allegations that defendants refused his request for a mattress. This grievance was rejected as duplicative of his first grievance. *Id.*, at 2.

The prison didn't expressly say that Taylor's mattress claim was untimely when it rejected his grievance, but there is no question that it was. An untimely grievance "dooms the claim" unless "the institution treats the filing as timely and resolves it on the merits," an untimely grievance "dooms the claim," *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). This is because if the institution resolves the grievance on the merits, "the grievance has served its function of inviting prison administrators to take corrective action, and thus the administrative exhaustion requirement has been satisfied." *Id.* CCI did not resolve Taylor's untimely grievance about the mattress on the merits, so Taylor didn't exhaust these claims.

Taylor concedes that he didn't raise his mattress claim within the 14-day deadline, but he contends that he nevertheless exhausted his remedies for two reasons. First, he says that his July complaint was timely because he also accused defendants of sexually abusing him when they strip searched him. Taylor is correct that complaints of sexual abuse are not subject to time limits. Wis. Admin. Code § DOC 310.08(1). But even if an inmate's complaint alleges

3

sexual abuse, the 14-day deadline still applies to any portion of the complaint that "alleges an issue that does not relate to sexual abuse or sexual harassment." *Id.* So the fact that Taylor also accused defendants of sexual abuse doesn't exempt his mattress claim from the deadline.

Second, Taylor contends that the PLRA doesn't require him to "state everything that happened down to [the] exact detail" in his administrative complaint to exhaust his remedies. Dkt. 46, at 1. The primary purpose of exhaustion is to "alert[] the prison officials to the existence of the problem and afford[] an opportunity to repair the injury." *Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019). Taylor didn't mention the denial of the mattress at all in his January complaint, so CCI officials had no notice that the problem existed and no opportunity to address it.

Because Taylor failed to exhaust his administrative remedies regarding defendants' refusal to give him a mattress, I will grant defendants' motion for partial summary judgment. These are the only claims on which I gave Taylor leave to proceed against Kessenich, Rohwer, Olson, and Bohnsack, so I will also dismiss those defendants from the case.

B.  **Proposed amended complaint**

Taylor moves to amend his complaint with supplemental allegations based on footage from a body camera worn by Moore. Dkt. 68. In this supplement, Taylor alleges that some of the defendants joked about searching Taylor after the search ended and that one defendant says that he saw Taylor's buttock caught in the trap of the cell door. At this stage in the litigation, Taylor may amend his complaint only with defendants' consent (which they haven't granted) or with my permission. Fed. R. Civ. P. 15(a)(2). Taylor viewed this footage for the first time on June 22, 2020, and he promptly moved to supplement his complaint on June 25.

4

And Taylor doesn't seek to add new claims or defendants in this supplement, so allowing amendment won't affect the schedule of this case. Accordingly, I will grant Taylor's motion.

**C. Motion for reconsideration and proposed amended complaint**

In May 2020, Taylor asked to amend his complaint to add claims regarding the strip search under the Fourteenth Amendment's Equal Protection Clause and under a Wisconsin statute barring a strip search of a detainee by a person who is not of the same sex as the detainee. Dkt. 61. I denied his motion because his class-of-one claim was inconsistent with his earlier allegation that he had seen other inmates searched in the same way in segregation and because the statute he cited applied to detainees, not prisoners. Dkt. 63. Taylor then moved for reconsideration of his class-of-one claim, contending that he was treated differently by being searched in view of Ware, a female correctional officer. Dkt. 64. I denied Taylor's motion for reconsideration because the presence of a correctional officer of another gender doesn't automatically make a strip search unconstitutional and because nothing in the record suggested that Ware's presence was meant to humiliate or inflict psychological pain on Taylor. Dkt. 65.

Taylor has filed what he calls another motion for reconsideration. Dkt. 66. But he has also filed a new proposed supplement to his complaint, Dkt. 67, which he appears to offer in place of his earlier proposed supplement, Dkt. 62. In both his motion and his new proposed supplement, he seeks to add new claims regarding Ware's presence under the First and Fourteenth Amendments, the Religious Land Use and Institutionalized Persons Act, and Wisconsin negligence law. So Taylor appears to have withdrawn his earlier proposed supplement, and I will therefore construe his motion as a new motion to amend his complaint with my leave, not a motion for reconsideration.

5

If Taylor's proposed amendment would be futile, I may deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). From the parties' filings regarding defendants' exhaustion motion, it appears that this amendment would be futile. Taylor did not raise the issue of Ware's presence in any way in the grievance he filed after the incident, *see* Dkt. 43-2, at 10, so it appears that he did not exhaust these claims. I will give the parties the opportunity to address this issue. If defendants wish to raise an exhaustion defense to Taylor's proposed amended complaint, they must respond to Taylor's motion by the date indicated below. I will give Taylor a short time to reply to defendants' response.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, Dkt. 40, is GRANTED. Plaintiff George Taylor's Eighth Amendment and Wisconsin state-law negligence claims against defendants Michelle Kessenich, Dustin Rohwer, Christopher Olson, and Jonathan Bohnsack are DISMISSED for Taylor's failure to exhaust his administrative remedies. Kessenich, Rohwer, Olson, and Bohnsack are dismissed from the case.

2. Taylor's motion to amend his complaint, Dkt. 68, is GRANTED. The operative pleading is Taylor's original complaint, Dkt. 1, as modified by Taylor's supplemental pleadings at Dkts. 32, 54, and 69.

3. Defendants may have until September 18, 2020 to respond to Taylor's motion to amend his complaint, Dkt. 66, and his proposed amendments to his complaint, Dkt. 67. After defendants have filed their response, Taylor may have ten days to reply.

Entered September 4, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge